IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARBI SEMIANI,                    )
                                  )
                                  )
          v.                      )          Civil No. 16-1724
                                  )
UNITED STATES OF AMERICA,         )
                                  )

## OPINION

**CONTI, Chief U.S. District Judge.**

On November 16, 2016, this court granted plaintiff Larbi Semiani ("Semiani"), a resident of Algeria, leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.) This court is obligated under that same statute to dismiss any case in which the complaint asserts claims that are frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While recognizing that courts have a special obligation to construe a pro se litigant's pleadings liberally, this court concludes that Semiani's complaint is subject to dismissal, with prejudice, on all the grounds identified in § 1915(e)(2)(B). Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011).

### I. **Factual Background**

In the complaint, Semiani accuses the United States of America (the "United States") of violating various federal criminal statutes that outlaw obstruction of justice. (ECF No. 1-1 (citing 18 U.S.C. §§ 1505, 1509-13).) As a factual matter, Semiani appears to claim that various adverse orders and judgments, including monetary judgments, were entered against him by a California state court because he was wrongfully denied a visa to enter this country and,

therefore, could not participate in those proceedings. (ECF No. 1-1 at 1-2.) Semiani also

contends that the United States Department of State filed a "satanic complaint" against him with

the Algerian police. (Id. at 2.) Semiani asks this court to enter an order allowing him to enter the

United States in order to present evidence to support his claims, returning his money to him, or

extraditing him to the United States. (Id. at 3.) With respect to the prayer for monetary relief,

Semiani seeks $33,600, plus "penalty of under obstruction of justice." (Id.)

This is not the first time that Semiani sought the same, or equivalent, relief in a

federal district court. The United States District Court for the Eastern District of Kentucky, the

most recent prior situs of Semiani's litigation efforts, included the following summary in its May

25, 2016 order dismissing Semiani's complaint:

> Since 2005, Semiani has filed well over a dozen actions in federal
> courts in New York, the District of Columbia, California,
> Nebraska, and the Court of Federal Claims.[1] All of these actions
> are based upon the same facts set forth in his current pleading and
> seeking essentially the same relief. Each have been promptly
> dismissed on various grounds, including Semiani's lack of
> standing to assert claims under federal criminal statutes, the
> sovereign immunity enjoyed by the United States, lack of subject
> matter jurisdiction to entertain a claim denying a request for an
> immigration visa, and failure to satisfy the minimum pleading
> requirements set forth in Rule 8 of the Federal Rules of Civil
> Procedure. In those instances where Semiani sought appellate
> review, these determinations were affirmed in every case. Semiani
> v. United States, No. 1: 09-cv- 387 (D.D.C.), aff'd, No. 09-5130
> (D.C. Cir. 2009); Semiani v. United States Fed. Gov't., No. 2: 10-
> cv-6498 (C.D. Cal. 2010); Semiani v. USA Federal Gov't., No. 1:
> 10-cv-9624 (S.D.N.Y. 2010), aff'd, No. 11-1268 (2d Cir. 2011);
> Semiani v. U.S. Dept. of States, No. 2: 12-cv-1726 (C.D. Cal.
> 2012); Semiani v. United States, No. 1: 12-cv-598 (C.O.F.C.
> 2012); Semiani v. United States, No. 1: 13-cv-217 (D.D.C.), aff'd,
> No. 13-5083 (2d Cir. 2013); Semiani v. United States, No. 8: 13-

---

[1] The Public Access to Court Electronic Records service, www.pacer.gov, reflects that Semiani
filed 19 cases in 6 district courts, and the U.S. Court of Federal Claims, since 2005. He pursued
appeals before the Courts of Appeals for the D.C., Second, Sixth, and Federal Circuits

cv-205 (D. Neb. 2013); <u>Semiani v. United States Dept. of State</u>, No. 1: 13-cv-1180 (D.D.C. 2013); <u>Semiani v. United States</u>, No. 1: 14-cv-463 (D.D.C. 2014); <u>Semiani v. United States</u>, No. 1: 14-cv-875 (D.D.C. 2014), *aff'd*, 14-5198 (D.C. Cir. 2015); <u>Semiani v. United States</u>, No. 1: 15-cv-669 (D.D.C. 2015); <u>Semiani v. United States</u>, No. 1: 16-cv-2850 (S.D.N.Y. 2016).

<u>Semiani v. United States</u>, 5:16-cv-160, ECF No. 5 at 1-2 (E.D. Ky. May 25, 2016); <u>see</u> <u>Semiani v. United States</u>, 1:16-cv-2850, ECF No. 3 at 2-3 (S.D.N.Y. Apr. 21, 2016). The Kentucky district court dismissed Semiani's complaint, pursuant to 28 U.S.C. § 1915, because it was frivolous, filed in the wrong venue, and failed to state a claim, for numerous reasons explained in the order. <u>Semiani v. United States</u>, 5:16-cv-160, ECF No. 5 at 3 (E.D. Ky. May 25, 2016).

## II. <u>Analysis</u>

Semiani's complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, and seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This court, therefore, must dismiss the complaint <u>sua</u> <u>sponte</u>. <u>Keener v. Penn. Bd. of Probation and Parole</u>, 128 F.3d 143, 145 n.2 (3d Cir. 1997).

### A. <u>Legal Standards</u>

A complaint is frivolous where it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Adams v. U.S. States Treasury Sec'y</u>, No. 16-1888, 2016 WL 4056038, at *1 (3d Cir. July 29, 2016). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." <u>Banks v. Cty. of Allegheny</u>, 568 F. Supp. 2d 579, 589 (W.D. Pa. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. <u>Small v. Herrera</u>, 52 F. Supp. 3d 684, 686–87 (D. Del. 2014) (citing

3

<u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B))).  A court need not grant a plaintiff leave to amend his complaint if the amendment would be inequitable or futile. <u>Id.</u> (citing <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002)).

The principle of sovereign immunity protects the federal government from suit except insofar as that immunity is waived. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Bein</u>, 214 F.3d 408, 414 (3d Cir. 2000).  A waiver must be unequivocally expressed in statutory text and will not be implied. <u>Bein</u>, 214 F.3d at 414 (citing <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996)).

**B.  <u>Discussion</u>**

Semiani's complaint is frivolous and malicious because it asserts claims that federal district courts have consistently dismissed because they had no arguable basis in either law or fact.  Semiani identifies no new facts or legal theories to justify a different result before this court.  Instead, Semiani, having been rebuked by every federal court before which he has filed these same claims, asks this court to reach a different result.  Notably, Semiani's complaint does not disclose his history of litigation before the federal courts.

Semiani's complaint likewise fails to state a claim upon which relief can be granted.  As Semiani was previously advised, a private citizen cannot assert a right to relief under a federal criminal statute, and this court cannot review the State Department's denial of a request for a U-Visa. <u>Semiani v. United States</u>, 5:16-cv-160, ECF No. 5 at 3 (E.D. Ky. May 25, 2016) (citing <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973), <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 316 (1979), and <u>Wan Shih Hsieh v. Kiley</u>, 569 F.2d 1179, 1181 (2d Cir. 1978)).  These

defects are inherent in Semiani's claims and cannot be cured by amendment.  The court, therefore, need not provide an opportunity to amend under the circumstances. <u>Small</u>, 52 F. Supp. 3d at 686–87.  Even if Semiani's complaint stated some viable claim, which it does not, venue would be improper in this court as neither Semiani nor any of the actions or events giving rise to the claims asserted in the complaint occurred in the Western District of Pennsylvania. 28 U.S.C. §§ 1391(b), (e), 1402(a), (b).

Finally, Semiani's complaint is subject to dismissal because it seeks monetary relief against the United States, which, as a general matter, enjoys immunity from suit.   Semiani identifies no basis on which to find that the United States waived its immunity with respect to claims based upon violations of 18 U.S.C. §§ 1505, 1510-13, or any other authority reasonably implicated by his complaint.  The court is aware of no waiver of the government's immunity that would permit Semiani's damages claims to proceed in this case.

### III. <u>Conclusion</u>

For the foregoing reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B), this court must dismiss Semiani's complaint.  Amendment would be futile, and, therefore, the dismissal will be with prejudice.

An appropriate order will be entered contemporaneously with this opinion.


Date:   November 22, 2016                                     BY THE COURT:


                                                             /s/ *Joy Flowers Conti*
                                                             Joy Flowers Conti
                                                             Chief United States District Judge